**CHAMPION INTERNATIONAL CORP., Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

No. 87 Civ. 1634 (WCC).

United States District Court, S.D. New York.

Amended Orders Dec. 19, 1988, and Jan. 30, 1989.

AMENDED ORDER

Dec. 19, 1988

WILLIAM C. CONNER, District Judge:

On November 14, 1988, the Court issued an opinion and order in the above-captioned case. [701 F.Supp. 409]. The opinion is hereby amended *nunc pro tunc* as follows:

1) On the first page of the Court's opinion and order [page 409], the period of coverage for the Umbrella Excess Liability (UEL) insurance policy shall read "during the period February 1, 1971 to October 31, 1973...."

Page 5, footnote 5 [page 411, footnote 5] shall read, "... the period February 1, 1971 to October 31, 1973."

2) At page 12, paragraph 3 [page 411, left column, paragraph 2], the third sentence shall read, "Liberty Mutual counters that the 'occurrence' was the date the panels were sold or delivered to anyone."

3) Page 3, footnote 3 [page 410, footnote 3] shall read:

Liberty Mutual contends that Champion is estopped from asserting in this motion that it is entitled to indemnification under the UEL policy, because, among other reasons, "the complaint omits any reference to the excess policy." Defendants' Brief at 3. This proffered ground for estoppel fails because Champion's amended complaint refers to "policies" which are listed in Exhibit A, and the final policy on the Exhibit A list is the

UEL policy. Plaintiff's Amended Complaint ¶ 9. The other alleged grounds for estoppel, including acceptance of payments by Champion, raise factual issues to be resolved at trial.

SO ORDERED.

## AMENDED ORDER

Jan. 30, 1989

The Opinion and Order dated November 14, 1988 [701 F.Supp. 409] is hereby amended *nunc pro tunc* as follows:

On the Appearance page, 5th line from the bottom [page 409, right column, 14th line from top] should read—Attorneys for Defendant and Third–Party Plaintiff—

SO ORDERED.